TotteN, J.,
delivered tlie opinion of tlie court.
Tlie action is unlawful detainer, to recover tlie possession of a bouse and tract of land. There was judgment for tlie plaintiffs before tlie justices of tbe peace, and defendant appealed to tlie circuit court, where be filed bis plea in abatement, alleging that Justice Williams, who issued tbe writ, and sat with two other justices on the trial, was incompetent to try the case, because he was cousin to defendant’s wife; and that defendant did not waive this objection at the trial. A demurer to the plea was overruled, and judgment rendered for defendant, from which the plaintiff has appealed in error to this court.
The practice adopted in the case, was irregular, and the judgment erroneous. The objection for incompetency of the justice, should have been taken before him, and before a trial upon the merits; if not so taken, the objection is to be, considered as waived. Eor a party may waive, and preclude himself from taking any objection to a decision on account of the judge being related to one of the parties; and the waiver may be express, or by necessary implication. 3 Bl. Com., 299, and notes; Matthew vs. Ollertin, 4 Mod., 226.
But here the objection, if it were not waived, had ceased to have any application to the case. The appeal to the circuit court had the effect to supersede the judgment of the justices, and the case was now to be tried de novo, upon its merits, before a competent court. It was the same as if the case had been originally instituted, as it might have been, in the circuit court. The question, whether the competency of the justice had been waived, while the case was before him, had ceased *174 to be of any utility or effect in the case, now that it was no longer before him, and was again to be tried upon its original facts, in the same manner as if there had been no former trial.
The judgment is reversed, and the cause remanded to the circuit court to be proceeded in.
Judgment reversed.