IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 20, 2015


**IN RE MARCELL W.**


**Appeal from the Circuit Court for Shelby County**
**No. CT00521313     Robert Samual Weiss, Judge**


_____


**No. W2014-02120-COA-R3-CV – Filed July 16, 2015**
_____


ARNOLD B. GOLDIN, J., concurring.

I concur in the majority's conclusion that clear and convincing evidence exists to support the trial court's finding that Mother committed severe abuse. I write separately, however, to respond to the relevance of my good friend and colleague's discussion of Mother's waiver of her challenge to the Special Judge's appointment in the juvenile court. The opinion states that because Mother did not raise her objection to the appointment of the Special Judge in the juvenile court, the issue is deemed waived. In support of this position, the opinion relies, in part, on this Court's decision in *State Department of Children's Services v. A.M.H.*, 198 S.W.3d 757 (Tenn. Ct. App. 2006). In the *A.M.H.* decision, this Court held that the failure to object to the appointment of a special judge results in a waiver of the issue on appeal. *Id.* at 764. I believe, to avoid confusion, the relevance of *A.M.H.* to the facts of this case requires clarification.

Unlike the *A.M.H.* case, which involved an appeal of a *termination of parental rights* proceeding conducted by a juvenile court directly to this Court, this case involves an appeal of a *dependency and neglect* case. Dependency and neglect cases are initially heard in the juvenile court and their appeal, as in this case, is conducted in the circuit court. In dependency and neglect cases such as the present one where a party appeals from juvenile court to circuit court, "the circuit court is to 'hear the testimony of witnesses and try the case *de novo.*'" *Cornelius v. State, Dep't of Children's Servs.*, 314 S.W.3d 902, 906 (Tenn. Ct. App. 2009) (citing Tenn. Code Ann. § 37-1-159(a)). The circuit court conducts a new proceeding as though the dependency and neglect petition was originally filed in circuit court. *Id.* In light of the *de novo* nature of the circuit court proceeding in this case, I conclude that Mother's waiver in the juvenile court ultimately has no relevance. In that regard, the old but still wise Tennessee Supreme Court decision in *Wroe v. Greer*, 32 Tenn. 172 (1852), is particularly instructive. Although the *Wroe*

court held that an objection to the incompetency of a justice of the peace[1] was waived because the objection was not raised before the justice, it noted that the issue of waiver was of no effect when the case was subsequently appealed to circuit court for a *de novo* hearing:

> But here the objection, if it were not waived, had ceased to have any application to the case. The appeal to the circuit court had the effect to supersede the judgment of the justices, and the case was now to be tried de novo, upon its merits, before a competent court. It was the same as if the case had been originally instituted . . . in the circuit court. The question whether the competency of the justice had been waived while the case was before him had ceased to be of any utility or effect in the case, now that it was no longer before him, and was again to be tried upon its original facts, in the same manner as if there had been no former trial.

*Id.* at 173-74.

Although I agree that juvenile court was the proper forum in which Mother should have raised any challenges she had to the Special Judge's appointment, any waiver of the issue is of no relevance once a *de novo* appeal is taken to circuit court. Obviously, the question of whether a waiver exists is of extreme importance in Rule 3 appeals from termination of parental rights cases heard by juvenile courts which are appealed directly to this Court. Here, however, because we are dealing with a dependency and neglect case whose appeal is *de novo* to the circuit court and not a termination of parental rights case, the question is of no tangible or meaningful significance in this case. As a result, I believe its inclusion in the analysis of this case causes confusion.

I am authorized to state that Judge Gibson joins in this concurring opinion.

_____
ARNOLD B. GOLDIN, JUDGE

---

[1] Justices of the peace were the predecessors to today's general sessions courts. *Crowley v. Thomas*, No. M2009-01336-COA-R3-CV, 2010 WL 323082, at *2 n.3 (Tenn. Ct. App. 2010).